870 So.2d 926 (2004)
Richard NEWBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3912.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
Richard Newberry, South Bay, pro se.
No appearance required for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
Appellant challenges the trial court's summary denial of his petition for post-sentencing DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. In order to obtain testing pursuant to that rule, the petition must include "a statement that the evidence was not tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result." Fla. R.Crim. P. 3.853(b)(2). Because appellant cannot show that the DNA testing conducted was "inconclusive," we affirm.
In appellant's 1991 trial for sexual battery, the state produced evidence of definitive DNA testing pointing to appellant as the perpetrator. Appellant presented evidence *927 contesting the reliability of the tests, but the jury rejected his evidence. This court affirmed his conviction. See Newberry v. State, 616 So.2d 1093 (Fla. 4th DCA 1993). He now claims that the tests were "inconclusive" because developments in DNA testing techniques have improved and would produce more reliable results. Although there is no case law interpreting what is meant by "inconclusive," we do not understand it to encompass cases such as this one, where (1) DNA tests were performed; (2) experts testified as to their reliability and the defendant's DNA matched the DNA found on the victim, but (3) the defendant offered contrary evidence challenging the reliability of the prior testing methods. The tests were not inconclusive, merely contested. Neither Rule 3.853 nor the statute allowing postconviction testing, section 925.11(2)(a), Florida Statutes (2002), provides for additional testing in such circumstances.
Affirmed.
WARNER, SHAHOOD and HAZOURI, JJ., concur.